## Commonwealth v. Middleton et al.

(Decided Jan. 18, 1935.)

BAILEY P. WOOTTON, Attorney General, DAVID C. WALLS, Assistant Attorney General, D. B. SMITH, Commonwealth's Attorney, for appellant.

F. DOUGLASS CURRY, CHARLES S. MATHERLY and CHARLES A. HARDIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Certifying the law.

The grand jury of Harlan county indicted Slemp Middleton, Pearl Pace, Will Middleton, and Nobe Farley for the crime of "illegally obtaining possession of ballot boxes," the two Middletons and Pace being charged as principals and Farley as aider and abettor. On motion of the commonwealth, a change of venue was granted and the case was transferred to Mercer county for trial. The Mercer circuit court sustained the demurrer to the indictment, and the commonwealth has appealed for the purpose of having the law certified.

Omitting the caption and other formal parts, the indictment reads as follows:

"The Grand Jury of Harlan County, in the name and by the authority of the Commonwealth of

Kentucky, accuse Slemp Middleton, Pearl Pace, Will Middleton and Nobe Farley of the crime of illegally obtaining possession of ballot boxes at Kilday, Kentucky in the August 1934 election committed in manner and form as follows, to-wit:

"The said defendants Slemp Middleton, Pearl Pace, Will Middleton and —— in the County of Harlan, on the 25th day of August, A. D. 1934, and before the finding of this indictment, did unlawfully, willfully, feloniously with force and arms, and maliciously did, by force, trick or fraud obtain possession of and take, steal and carry away the ballot box, or boxes issued by the County Court Clerk for use at the voting precinct of Kilday, in Harlan County at the August 1934 election; they nor either of them being an officer at that place, with the felonious and fraudulent intent then and there to interfere with or alter the result of election at that precinct.

"The Grand Jury further charges that Nobe Farley, a duly appointed election officer for the Kilday precinct in the 1934 August election did, willfully, feloniously, maliciously, then and there, being close enough to, and present, did, willfully, fraudulently and feloniously aid, assist, encourage, counsel and advise, Slemp Middleton, Pearl Pace, and, Will Middleton, in so taking, stealing and carrying away the said ballot box or boxes as aforesaid Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

The indictment does not charge the crime of larceny, and the elements necessary to make out a case of larceny are not set forth in the body of the indictment. The manifest purpose of the indictment was to charge an offense under section 1573, Kentucky Statutes, reading as follows:

"Whoever unlawfully destroys, or attempts to destroy, any ballot box used, any ballot deposited at any election, or whoever at any election unlawfully, either by force, fraud or other improper means, obtains or attempts to obtain possession of any ballot box, or any ballots therein deposited, while the voting at such election is going on, or before the ballots are duly taken out and counted

356

according to law, shall be punished by confinement in the penitentiary for not less than one nor more than five years, and be fined not less than fifty dollars [$50.00] nor more than one thousand dollars [$1,000.00]."

The indictment does not charge the unlawful destruction, or attempt to destroy any ballot box used, or any ballot deposited, at any election, but charges the offense of "unlawfully obtaining, or attempting to obtain by force, fraud or other improper means, possession of a ballot box." With respect to the latter offense, the Legislature might have gone on and prohibited the unlawful taking possession of a ballot box at any time whatever, but it did not do this. The statute is very narrow, and makes it an offense to obtain by improper means possession of any ballot box "while the voting at such election is going on, or before the ballots are duly taken out and counted according to law." Hence, to bring the case within the statute, it was necessary to allege either that the ballot box was taken while the voting at such election was going on or before the ballots were duly taken out and counted according to law. As no such allegation is contained in the indictment, it follows that the demurrer to the indictment was properly sustained.

Wherefore, this opinion is certified as the law.